JOSEPH L. BUCK and another, *vs.* GEORGE W. KIMBALL.

Same *vs.* AUGUSTUS R. DEVEREUX.

Hancock.    Opinion December 4, 1883.

*Lien claim.    Sale on writ.    Shipping.    Estoppel.    Sheriff and deputy.*

An officer cannot make a valid sale, according to the provisions of R. S., c. 81, § § 29-38, of a vessel attached to secure a statutory lien against it, on a writ which does not run against the owners directly.

A proceeding to enforce a lien on a vessel, being *in rem* as well as *in personam,* is not affected by the passage of a statute providing a new mode of selling upon a writ, property so attached; the statute containing no provision making it applicable to pending actions.

Where an officer without the consent of the owners sold a vessel attached on a writ, brought to enforce a lien claim, the owners are not estopped from contesting the validity of the sale because of the fact that they chose one of the appraisers at the time of such sale.

If an officer make an unauthorized sale on a writ of property legally attached he becomes a trespasser *ab initio.* And the purchaser at such a sale becomes a trespasser if he takes the property away after notice from the owners, that the validity of the sale was denied and would be contested.

A sheriff is answerable for the official acts of his deputy, although the deputy's term of office has expired.

ON REPORT.

The first named action is against the purchaser at an auction sale by a deputy sheriff, on a writ brought to enforce a statutory lien, of the schooner, called the " Lady of the Ocean " which the

deputy had attached and sold according to the provisions of R. S., c. 81, § § 29-38. The second action is against the sheriff whose deputy made the sale.

Both writs were dated September 27, 1881. The report gives the declaration and plea in the first action only. The declaration contains a count in trespass and one in trover for the schooner formerly called the "Lady of the Ocean" now called the "Thayer Kimball." The plea was general issue, with brief statement, as follows:

"And for brief statement said defendant says that said plaintiffs had no property in said schooner called the 'Lady of the Ocean' and her furniture and appurtenances on the first day of June, 1880, and that they were not on said first day of June entitled to the possession of said vessel her furniture and appurtenances, that said defendant and one, Knott C. Rankin, were on said first day of June, the lawful owners of said vessel, and in possession of her, that said vessel her furniture and appurtenances was sold to said defendant and said Rankin, at public auction on the seventeenth day of May, 1880, and that on said seventeenth of May, said defendant for himself and said Rankin took possession of said schooner and has continued in possession of said vessel and still continues in possession of said vessel; that said vessel her furniture and appurtenances was sold after due appraisement made by appraisers selected by said plaintiffs and other parties in interest for the purpose of said sale, that said plaintiffs were present at said sale and did not deny the authority of the auctioneer to sell said vessel; that said George W. Kimball, Jr. and said Knott C. Rankin are now owners of said vessel and have been owners and in possession of said vessel since the seventeenth day of May, 1880." . . .

The report shows that the vessel was attached on the twenty-fourth day of September, 1878, on a writ dated the seventeenth day of that month, to enforce a statutory lien on the vessel, in favor of William L. Hayford, by James W. Patterson, a deputy of the defendant, Devereux, and the vessel remained in the custody of Mr. Patterson until sold by him on the writ, May 17, 1880, as stated in the opinion.

Other material facts are stated in the opinion.

*Hale and Emery*, for the plaintiffs, cited : *Pierce* v. *Strickland*, 26 Maine, 277 ; *Hinckley* v. *Gilmore*, 49 Maine, 59 ; *Tomlinson* v. *Jessup*, 15 Wall. 454 ; *Hayford* v. *Cunningham*, 72 Maine, 128 ; *Hurd* v. *Cushing*, 7 Pick. 169 ; *Hale* v. *Skinner*, 117 Mass. 474 ; *Wallis* v. *Truesdell*, 6 Pick. 455 ; *Ross* v. *Philbrick*, 39 Maine, 29 ; *Pratt* v. *Bunker*, 45 Maine, 569 ; Waterman, Trespass, 502, 503.

*H. D. Hadlock*, for the defendant.

The attachment of the vessel by the officer was the taking her into custody by the court to await the result of the suit, and the court, under the attachment, had the legal possession of the vessel. *Phebe*, 1 Ware, 368.

That the writ upon which the vessel was attached had all the essential requisites, is apparent from the opinion of the court in the case upon which the attachment was made, as the court in that case pronounced upon the merits involved and thereby affirmed the sufficiency of the process, for without a sufficient process no judgment could have been pronounced upon the merits. *Hayford* v. *Cunningham*, 72 Maine, 128.

The sale of the property, *pendente lite*, was by virtue of the statute which conferred upon the attaching officer the power to have the property appraised and sold. Chapter 243, laws of 1880 ; § 10, of c. 91, R. S.

The proceeding under § 7, of c. 91, of the R. S., was in the nature of a proceeding *in rem*, and the court had the custody of the property, which it was to hold until the suit on which the attachment had been made was finally determined.

In *Hinkley* v. *Gilmore*, 49 Maine, this court said : " There is no doubt that in admiralty a sale of a thing may be made *pendente lite*, but it must be by special order of court." See *U. S.* v. *Schr. Lion*, 1 Sprague, 399 ; *The Globe*, 2 Blach. C. C. 427.

In this case the court could not enter an order for the sale of the vessel, because the owners appeared and objected ; and

therefore the provisions of the statute in relation to a sale by order of court could not be enforced.

The officer, when applied to by Mr. Hayford to proceed in accordance with the provisions of law, and to sell said vessel in manner and form observed in this case would have been derelict in his duty had he refused to comply.

The law assumes that it would be better for both parties to have the property changed into money rather than to allow it to perish or to waste, or be kept at great expense, till the suit in which it is attached should come to an end. *Pollard* v. *Baker*, 101 Mass. 261.

In the *United States* v. *Arredondo*, 6 Pet. 729, 730, it was laid down as a universal principle that when power or jurisdiction is delegated to any public officer or tribunal over a subject matter, and its exercise is confided to his or their discretion, the acts so done are valid and binding as to the subject matter, and individual rights will not be disturbed collaterally for anything done in the exercise of that discretion within the authority and power conferred. *Voorhees* v. *Bank U. S.* 10 Pet. 449 ; *The Trenton*, 4 Fed. Rep. 657 ; 2 Droit, Maritime, 53 ; *Stringer* v. *Marine Ins. Co.* L. R. 4 C. B. 676 ; *The Trenton*, 4 Fed. Rep. 657.

The general principle of law, as respects third persons is, that where one having title stands by and knowingly permits another to purchase and expend money on property, under the erroneous impression that he is. acquiring a good title, and the one who stands by does not make his title known, he shall not afterwards be allowed to set it up against the purchaser. *Erwin* v. *Lowery*, 7 How. 178.

Testing the sale by this principle, how does it stand? The purchaser saw by the notice of sale that the vessel had been taken on attachment, appraised, and would be sold at public auction, and he attended the auction and there he saw these plaintiffs present at the sale, nor did they make any objection to the sale ; but by their presence sanctioned it, and therefore they cannot impeach it, even if formal steps had not been strictly complied with.

If the debtor acts in selecting the appraisers and these facts are known to the purchaser when he buys and pays for the property, the debtor is estopped from avoiding the sale, by showing that the officer had not taken the necessary steps to authorize him to sell. *Erwin* v. *Lowery*, 7 How. 178; *Chapman* v. *Pingree*, 67 Maine, 198.

SYMONDS, J. It was decided in *Hinkley* v. *Gilmore*, 49 Maine, 59, that the statutes — R. S., c. 81, § § 29-38 — which authorize the sale of certain kinds of personal property on mesne process do not apply to logs attached upon a writ in which the owner of the logs is not a defendant, to secure a statutory lien for services rendered to a contractor in cutting and hauling them; that those provisions of the statutes were not intended to authorize the sale upon the writ of property " confessedly not the debtor's and which could not be levied on until after notice to the claimant and a judgment of the court that it was subject to the lien claimed;" and, therefore, that a sale under those sections and in accordance with them affords no defence to the officer in an action brought against him by the owner of the logs to recover their value.

The reasoning of the court in that case is equally clear against the right to sell upon the writ vessels attached, to secure statutory liens upon them, on process not against the owners directly.

While this is not denied, it is urged that the act of 1880, c. 243, has changed the law in this respect. How. far that amendment may have the effect to extend the application of' these sections of the statute, in the case of vessels, cannot here be determined, because it was passed while the action to enforce the lien upon the vessel, the sale of which upon the writ in that case is the subject of this controversy, was pending. It did not in terms apply to pending cases and the general rule holds that " actions pending at the time of the passage or repeal of an act shall not be affected thereby." R. S., c. 1, § 3. The action to enforce the lien was a proceeding *in rem*, as well as *in personam*, and a statute which provided a new mode of selling upon the writ

property so attached would clearly affect such a pending action, if its application in such case was allowed.

For the decision of this case, the law remains as declared in *Hinkley* v. *Gilmore, supra.*

At the April term, 1880, while the action to enforce the lien was pending, a petition was presented to the court for an order to sell the vessel under the act of 1880, c. 243, which was refused because the owners objected. Thereupon request in writing was made by the attaching creditor to the officer to proceed with the sale according to the provisions of R. S., c. 81, § § 29-38; this written request setting forth that those who appeared as owners refused their consent to the sale under the act of 1880. This was neither more nor less than an application to the officer to proceed under the provisions which authorized (in certain cases) a sale without consent. In the notices given by the officer to the owners of the time and place of appraisal, the same fact of refusal of consent by the owners is recited as a reason for the method of procedure adopted. The public notice of the sale at auction sets forth the attachment and appraisal, with no suggestion of the consent of the owners. The bill of sale which the defendant, Kimball, received from the officer declares that the owners appeared in court in answer to the petition for an order of sale and refused their consent thereto ; and that thereupon application was made to the officer to proceed as provided " when consent to a sale by order of court has been denied ;" and traces the authority of the officer to sell not to any consent of the parties but to the attachment and the proceedings thereon.

Under such circumstances we see nothing in the fact that the owners chose one of the appraisers to estop them from contesting the validity of the sale. Manifestly it could not have been intended or understood as a waiver of their rights, an assent to the proceeding or an admission that it gave good title.

On the contrary, the whole proceeding upon its face was one to enforce a lien upon the vessel against the will of the owners. The officer did not assume to do anything, nor could the purchaser have understood that he was receiving anything, by

virtue of their consent. The papers recited their dissent and the sale proceeded as it did upon that ground.

Both actions are maintainable.

The defendant, Kimball, not having acquired title by the purchase at auction, was a trespasser in taking the vessel away after notice, as he says, "that the validity of the sale was denied and would be contested."

The officer by an unauthorized sale of property legally attached became a trespasser *ab initio.* It was an official act of the deputy — the unwarranted sale of property lawfully in his custody under the attachment — for which the sheriff is answerable although the deputy's term of office had expired.

In both actions the entry will be,

> *Judgment for the plaintiff. Assessment*
> *of damages by jury at nisi prius.*

WALTON, VIRGIN and PETERS, JJ., concurred.

APPLETON, C. J., and DANFORTH, J., concurred in the result.